# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Riley Harold Lanier, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Commissioner of Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.: 1:17-cv-02460-JMC <br><br><br> **ORDER** |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on November 6, 2018 (ECF No. 19). The Report addresses Plaintiff Riley Harold Lanier, Jr.'s claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 19 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, incorporating it herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 19 at 1–40.) As background, on or about March 21, 2014, Plaintiff filed an application for DIB under the Social Security Act, which was denied initially and upon reconsideration. (*Id.* at 2.) After an administrative hearing on October 18, 2016, an administrative law judge ("ALJ") issued an unfavorable decision against Plaintiff on December 21, 2016. (ECF No. 10-2 at 20.) The ALJ determined that Plaintiff "did not have an impairment or combination of impairments that me[t] or medically equal[ed] the severity of one of the listed

1

impairments in . . . 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR [§§] 404.1520(d), 404.1525 and 404.1526)." (*Id.* at 26.) The ALJ found Plaintiff had the residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can frequently stoop and can perform frequent handling with the right upper extremity. He requires a low-stress work environment, which is defined as non-production work (specifically no fast-paced work or jobs with high speed production requirements such as assembly line work) with no public contact and occasional contact with coworkers and involving simple tasks (consistent with unskilled work at SVP[1] 1 or 2). The [Plaintiff] would be able to perform such work on a sustained basis for eight hours per day and five days per week in two-hour increments with normal breaks.

(*Id.* at 28.) The ALJ further found that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules[2] as a framework supports a finding that the [Plaintiff] is 'not disabled,' whether or not the [Plaintiff] has transferable job skills." (*Id.* at 34 (citing 20 CFR Part 404, Subpart P, Appendix 2).) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that "there [we]re jobs that exist[ed] in significant numbers in the national economy that [Plaintiff] c[ould] [have] perform[ed]." (*Id.* at 35.) On this basis, the ALJ denied DIB to Plaintiff because he "ha[d] not

---

[1] "The Dictionary of Occupational Titles ('DOT') classifies a given job, in part, by its Specific Vocational Preparation Level ('SVP') — which the DOT defines as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information and develop the facility needed for average performance of a particular position." *Trish v. Berryhill*, No. 3:17CV15 (REP), 2018 WL 846943, at *7 (E.D. Va. Jan. 26, 2018).

[2] The Medical-Vocational Rules, also referred to [as] the Medical-Vocational Guidelines or grids, are set out in 20 C.F.R. pt. 404, subpt. P, app. 2. They are a set of rules that specify a conclusion as to whether or not a claimant is disabled. *See generally* Medical-Vocational Rule 200.00(a); Soc. Sec. Ruling 83-10, 1983 WL 31251. The Medical-Vocational Rules are grouped by RFC for the various strength or exertional levels under the Regulations, name, sedentary, light, medium, and heavy or very heavy work. Within each such RFC grouping, the criteria applied are the vocational factors—namely, age, education, and previous work experience (*e.g.,* none, unskilled, semiskilled, skilled, transferability of skills).

*Washington v. Colvin*, No. 7:15-CV-177-JG, 2016 WL 4543506, at *6 (E.D.N.C. Aug. 30, 2016).

been under a disability, as defined in the Social Security Act from August 15, 2014, through the date of this decision." (*Id.* at 36.)

Plaintiff requested review of the decision by the Appeals Council ("the Council"), which was denied. (ECF No. 10-2 at 2.) Plaintiff filed the instant action on September 13, 2017, seeking judicial review of the Commissioner's final decision. (ECF No. 1.) Plaintiff asserted five errors by the ALJ. First, Plaintiff asserts "the ALJ improperly found that Plaintiff's diabetes, hypertension, chronic kidney disease, splenomegaly, thrombocytopenia due to hypersplenism, and sleep apnea were non-severe impairments." (ECF No. 14 at 14.) Plaintiff argues the ALJ "gave little reasons for discounting [his] testimony about his symptoms," and "the reasons [the ALJ] gave were flawed." (*Id.*) Plaintiff claims the ALJ "manufacture[d] inconsistency within the medical evidence," "ignored evidence that did not support his conclusion that Plaintiff's statements were not entirely credible," and "cherry-picked evidence to support an unfavorable decision." (*Id.*)

Second, Plaintiff asserts that "because the ALJ erred in assessing Plaintiff's statements about his symptoms and pain, substantial evidence fails to support the ALJ's finding that Plaintiff had the RFC to perform work at all exertional levels." (*Id.* at 16.) Plaintiff argues that his "medical records and testimony establish[] that he is incapable of performing substantially all of the activities assessed by the ALJ." (*Id.* at 17.) Plaintiff also asserts that he "is unable to perform even sedentary work due to his profound mental impairments" and "is disabled under the grid rules, specifically Medical Vocational Guideline 201.06,[3] if he is unable to perform his prior work and is limited to only a light level of exertion." (*Id.* at 18.)

---

[3] Under Rule 201.06 of the Medical-Vocational Guidelines, "a person of advanced age, with a high school education which does not provide for direct entry into skilled work, who has skilled or semi-skilled skills which are not transferable, and is limited to sedentary . . . or light . . . work should be found disabled." *Kelehear v. Astrue*, No. CA 306-2811-CMC-JRM, 2008 WL 304741, at *9 (D.S.C. Jan. 31, 2008).

3

Third, Plaintiff asserts "the ALJ summarily discounted the severity of Plaintiff's mental impairments and did not consider each of the 'four functional areas essential to the ability to work,' nor did his decision 'include a specific finding as to the degree of limitations in each of the four functional areas.'" (*Id.* at 20 (quoting *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1520a, 404.1520(e)(4), 416.920a, 416.920(e)(4) (2011))).) Plaintiff argues he "alleged substantial mental impairments, . . . which would restrict his ability to perform his prior work," but "the ALJ's decision did not indicate that the evidence of Plaintiff's serious mental problems was appropriately considered, and the evidence of record indicates that the mental aspects of the RFC assigned by the ALJ far exceed Plaintiff's actual abilities." (*Id.*)

Fourth, Plaintiff asserts that "Medical-Vocational Guideline 201.06 directs a finding of disabled where a claimant is of advanced age, is a high school graduate or more, and is limited to work at the sedentary exertional level." Fifth and finally, Plaintiff asserts that the "limitations, given by his treating physicians, disable [him]." (*Id.* at 24.) Plaintiff argues that

> in reaching his decision, the ALJ ignored the multiple opinion letters of Plaintiff's treating physicians, which were entitled to controlling weight, failed to engage in the proper analysis under 20 C.F.R. § 404.1527(c)[4] in addressing these opinions, and erroneously rejected the opinions of Plaintiff's treating physicians in favor of the opinions of non-examining, non-treating physicians.

(*Id.*) Based on these alleged errors, Plaintiff requests that the court "reverse the adverse decision or, in the alternative, remand the case to the Commissioner for a rehearing." (*Id.*)

---

[4] Courts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

*Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527 (2005)).

The Commissioner filed a Brief on April 19, 2018. (ECF No. 16.) Plaintiff filed a Reply Brief on May 2, 2018, the overwhelming majority of which repeated, verbatim, the arguments in his initial Brief. (*Compare* ECF No. 14 at 12–24, *with* ECF No. 17.) (*See, e.g.*, ECF No. 19 at 40 ("His reply brief is verbatim with no additional analysis provided.").)

The Magistrate Judge entered her Report on November 6, 2018, and recommends that "the court find the ALJ did not err in this case and his decision is supported by substantial evidence." (ECF No. 19 at 77.) The Report also apprised the parties of their opportunity to file specific objections to the Report by November 20, 2018. (ECF No. 19 at 78.) Plaintiff filed an Objection to the Magistrate Judge's Report on November 19, 2018, asserting the same arguments raised in his Brief and Reply Brief: (1) "[s]ubstantial evidence does not support the [ALJ]'s credibility determination"; (2) "[t]he [ALJ] erred in over-assessing Plaintiff's [RFC]"; (3) "[t]he [ALJ] failed to properly assess Plaintiff's mental [RFC]"; (4) "[s]ince the evidence in the record supports that Plaintiff is limited to unskilled work, he is disabled under the Medical-Vocational Guidelines at a sedentary level of exertion"; and (5) "[t]he ALJ erred in rejecting the opinions of Plaintiff's treating physicians in favor of a non-examining physician." (ECF No. 20 at 1, 7, 10, 11, 12.) The Commissioner filed a Response to Plaintiff's Objection, arguing (1) "Plaintiff essentially argues that [the] Magistrate Judge . . . erred in not accepting the arguments made in his initial [B]rief"; (2) "[t]he Magistrate Judge thoroughly considered [Plaintiff's] arguments and rightly decided they failed to provide a basis for disrupting the ALJ's decision"; and (3) "Plaintiff's attacks on the ALJ's decision and [the] Magistrate Judge's . . . [Report] ignore the highly deferential standard of review that governs under 42 U.S.C. § 405(g)." (ECF No. 21 at 2, 3.)

5

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and that recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a de novo review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a de novo review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *Aldrich*, 327 F. Supp. 2d. at 747)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning."); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 14), Plaintiff's Reply Brief (ECF No. 17), Plaintiff's Objection (ECF No. 20), and the Report (ECF No. 19). Plaintiff's Objection restates, verbatim, arguments that Plaintiff raised in her Brief and Reply Brief and are already addressed by the Report. (*Compare* ECF No. 14 at 12–24, *with* ECF No. 17, *and* ECF No. 20 at 1–15.) (*See also* ECF No. 19 at 40–77.) As such, a de novo review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court finds that the Report effectively addressed the issues raised in Plaintiff's Objection (ECF No. 22). Accordingly, the court overrules Plaintiff's objections and agrees with the Report that the Commissioner's decision should be affirmed. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate judge's report in which the court concurred "with both the reasoning and the result").

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 20) and the Magistrate Judge's Report (ECF No. 19), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19), incorporating it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 28, 2019
Columbia, South Carolina